Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003041
22-JAN-2014
08:32 AM

NO. CAAP-13-0003041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE ARBITRATION BETWEEN
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellant,
v.
COUNTY OF MAUI, DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,
WASTEWATER RECLAMATION (MOLOKAI)(GRIEV. OF WADE NAKAYAMA RE:
TERMINATION VIOLATION OF WORK RULES, POLICIES, COMMON
WORK PRACTICES), SEC. 1,11,14,etc., LA-11-03(2012-015),
Employer-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 13-1-0028(1))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we do not have appellate jurisdiction over Union-Appellant United Public Workers, AFSCME, Local 646, AFL-CIO (Appellant United Public Workers), appeal from the Honorable Rhonda I.L. Loo's

July 25, 2013 order denying Appellant United Public Workers' motion to vacate the arbitration award because the July 25, 2013 order is not an appealable final order under Hawaii Revised Statutes (HRS) § 628A-28 (Supp. 2012) or HRS § 641-1 (1993 & Supp. 2012).

When a party appeals from a circuit court order regarding an arbitration issue, there are two statutes that can potentially authorize an appeal: (1) HRS § 658A-28 and (2) HRS § 641-1. Subsections (5) and (6) of HRS § 658A-28(a) authorize an appeal from an order granting a motion to vacate an arbitration award or a final judgment:

> § 658A-28. Appeals.
>
> (a) An appeal may be taken from:
>     (1) An order denying a motion to compel arbitration;
>     (2) An order granting a motion to stay arbitration;
>     (3) An order confirming or denying confirmation of an award;
>     (4) An order modifying or correcting an award;
>     (5) <u>An order vacating an award without directing a rehearing</u>; or
>     (6) <u>A final judgment</u> entered pursuant to this chapter.
>
> (b) An appeal under this section shall be taken as from an order or a judgment in a civil action.

HRS § 658A-28 (emphases added). The circuit court has not entered either an order vacating an arbitration award or a final judgment. Furthermore, HRS § 658A-28 does <u>not</u> expressly authorize an appeal from an order <u>denying</u> a motion to vacate an arbitration award. Although there are no published opinions that directly address this exact situation with respect to HRS § 658A-28, the Supreme Court of Hawai'i consistently held that, because the predecessor statute, HRS § 658-15 (1993), expressly authorized an appeal from an order vacating an arbitration award but did not expressly authorize an appeal from an order denying a

-2-

motion to vacate an arbitration award, "an order denying a motion to vacate an arbitration award is not a final judgment that may be directly appealed." J.P. Schmidt v. Pacific Benefit Services, Inc., 113 Hawai'i 161, 168, 150 P.3d 810, 817 (2006); Oppenheimer v. AIG Hawaii Insurance Co., 77 Hawaii 88, 91, 881 P.2d 1234, 1237 (1994); Salud v. Financial Security Insurance Company, Ltd., 69 Haw. 427, 430, 745 P.2d 290, 292-93 (1987). Similarly in the instant case under the relevant law, HRS § 658A-28 does not expressly authorize an appeal from an order such as the July 25, 2013 order denying Appellant United Public Workers' motion to vacate the arbitration award.

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). An appeal from a final judgment would allow appellate review of an order denying a motion to vacate an arbitration award under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues

-3-

in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). Nevertheless, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On October 25, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-13-0003041, which does not include a final judgment signed by a judge. Therefore, the July 25, 2013 order denying the HGEA's motion to vacate the arbitration award is not eligible for appellate review under HRS § 641-1(a).

Although exceptions to the finality requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848)(the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the July 25, 2013 order denying Appellee United Public Workers' motion to vacate the arbitration award decision does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Consequently, absent an appealable final order or judgment, we lack appellate

jurisdiction over appellate court case number CAAP-13-0003041 and Appellant United Public Workers' appeal is premature. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0003041 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 22, 2014.

Presiding Judge

Associate Judge

Associate Judge